IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEITH MCKINNEY, #A6034607, | CIVIL NO. 26-00135 LEK-WRP |
| Plaintiff, | ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| vs. | |
| DR. GINA CAMARA; *et al.*, | |
| Defendants. | |

## ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the Court is pro se Plaintiff Keith McKinney's Prisoner Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983.[1]  ECF No. 1.  In the Complaint, McKinney alleges that three prison officials violated his rights by retaliating against him (Count I), denying him adequate medical care (Count II), and in connection with disciplinary proceedings (Count III).[2]  *Id.* at Pages 5–7, 9–11. McKinney also suggests that his equal protection rights were violated.  ECF No. 9.

---

[1] On May 15, 2026, the Clerk's Office docketed a document labeled "Amend," which the Court has also reviewed and considered.  ECF No. 9.

[2] McKinney names Dr. Gina Camara and Dr. Burkett in both their individual and official capacities, and he names Dr. Hayes in her individual capacity.  ECF No. 1 at Pages 1–2.

After conducting the screening required by 28 U.S.C. § 1915A(b), the Court DISMISSES the Complaint with partial leave to amend.

If McKinney wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before **July 29, 2026**. Alternatively, McKinney may inform the Court in writing on or before **July 29, 2026**, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).  Failure to comply with the Court's instructions could result in automatic dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

## I.  BACKGROUND

The Complaint alleges the following facts, which the Court accepts as true for the purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014).  On an unspecified date, McKinney filed an inmate grievance against Drs. Camara and Burkett.  ECF No. 1 at Page 5.  The Complaint does not describe the grounds for the grievance.

Since 2019, Drs. Camara and Burkett have encouraged McKinney to complete an "18–20 month program."  *Id.*  They deliberately stalled and delayed McKinney's progress, however, by keeping him in the program's last module since late 2024.  *Id.*  McKinney alleges that Dr. Hayes also delayed his progress in the

2

program by "kick[ing] [him] out [of] the last module for missing two classes,"

while McKinney was in the special housing unit (SHU) for twenty-three days. *Id.*

at Pages 6–7. McKinney was ultimately found not guilty of the disciplinary

charges that caused him to be placed in the SHU. *Id.* at Page 7. According to

McKinney, his inability to complete the program has adversely affected his

eligibility for parole. *Id.* at Page 5.

McKinney commenced this lawsuit after signing the Complaint on March

13, 2026. *Id.* at Page 8. In the Complaint, McKinney alleges that Drs. Camara,

Burkett, and Hayes violated his rights by retaliating against him (Count I), denying

him adequate medical care (Count II), and in connection with disciplinary

proceedings (Count III). *Id.* at Pages 5–7, 9–11. Although not alleged in a

separate count, McKinney also suggests that Defendants violated his equal

protection rights. *See id.* at Pages 9–11; ECF No. 9. McKinney seeks "two million

[dollars] in 100% pure gold from each defendant," and injunctive relief. ECF No.

1 at Page 8. The Court received the filing fee on June 4, 2026. ECF No. 14.

## II.  <u>STATUTORY SCREENING</u>

The Court is required to screen all prisoner pleadings against government

officials pursuant to 28 U.S.C. § 1915A(a). *See Byrd v. Phx. Police Dep't*,

885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous,

malicious, fail to state a claim for relief, or seek damages from defendants who are

3

immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III.  DISCUSSION

### A.    Legal Framework for Claims under 42 U.S.C. § 1983

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

### B.    Eleventh Amendment

In the Complaint, McKinney names Drs. Camara and Burkett in both their individual and official capacities, and he seeks both money damages and injunctive relief.  ECF No. 1 at Pages 1–2, 8.

In general, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson*

5

*v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

All claims for money damages against Drs. Camara and Burkett in their official capacities are barred by the Eleventh Amendment and therefore DISMISSED with prejudice.  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").  The Eleventh Amendment does not bar McKinney's claims for money damages against the three Defendants in their individual capacities, nor does it bar McKinney's claims for injunctive relief against Drs. Camara and Burkett in their official capacities, to the extent McKinney alleges any ongoing violations of his rights.

## C.     First Amendment – Retaliation

McKinney alleges in Count I that Drs. Camara and Burkett violated his First Amendment rights by retaliating against him.  ECF No. 1 at Page 5.

"[A] prisoner can make a viable claim of First Amendment retaliation by alleging five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights,

and (5) the action did not reasonably advance a legitimate correctional goal." *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quotation marks and citation omitted).

Regarding the second element, "a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quotation marks and citation omitted)); *see also Stephen v. Williams*, Case No. 15-cv-03107-LB, 2016 WL 1569990, at *2 (N.D. Cal. Apr. 19, 2016) ("The omission of any facts plausibly suggesting causation is particularly problematic because that causal connection — that the adverse action has been taken as payback for constitutionally-protected activity — is the very essence of a retaliation claim.").

At this point, it is unclear what adverse action Drs. Camara and Burkett each took against McKinney. Although McKinney suggests that they kept him in the last module of a program, he does not say what each of them did to keep him in the program and when they did so. In addition, McKinney has not plausibly alleged that eighter doctor took an adverse action against him because of his protected conduct. While McKinney states that he filed a grievance against the two doctors, he does not say when he did so, he does not describe the nature of the grievance, nor has he alleged any other facts suggesting that Drs. Camara and Burkett took an adverse action against him because of the grievance. Finally, McKinney does not

allege that the exercise of his First Amendment rights has been chilled, nor does he allege that the doctors' actions did not reasonably advance a legitimate correctional goal. McKinney's claims in Count I against Drs. Camara and Burkett are therefore DISMISSED with leave to amend.

**D.   Eighth Amendment – Medical Care**

McKinney alleges in Count II that all three Defendants violated his right to adequate medical care. ECF No. 1 at Page 6.

To establish a claim of inadequate medical care, a convicted prisoner must show both a "serious medical need" and that an official's response to the need was "deliberately indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (per curiam).

A serious medical need is present when, for example, the "'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 785 (internal quotation marks and citations omitted). "Serious medical needs can relate to physical, dental and mental health." *Id.* (internal quotation marks and citations omitted).

Even with a serious medical need, the plaintiff must also allege facts showing deliberate indifference. "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in

8

conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (internal quotation marks and citations omitted) (alterations in original). This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

"An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Edmo*, 935 F.3d at 786 (citation omitted). "In other words, [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* (internal quotation marks and citation omitted) (alteration in original).

At this point, McKinney has not identified a serious medical need. Nor has he plausibly alleged that any Defendant was deliberately indifferent to such a need. For example, McKinney does not allege that he ever complaint to any Defendant about a medical need, what he said to them, and how they responded. McKinney's Eighth Amendment claim based on the medical care he received is therefore DISMISSED with leave to amend.

E.      **Fourteenth Amendment – Disciplinary Proceedings**

McKinney alleges in Count III that he spent twenty-three days in the SHU based on disciplinary charges for which he was ultimately found not guilty. ECF No. 1 at Page 7.

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const.

9

amend. XIV, § 1.  These protections extend to prisoners, who are "entitled to certain due process protections when subject to disciplinary sanctions." *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014).  To state a procedural due process claim, a prisoner must (1) identify a protected liberty or property interest, (2) allege that the government deprived the prisoner of that interest, and (3) allege a lack of process.  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).  Critically, the absence of a procedure *alone* is insufficient to state a claim—a plaintiff must *also* allege that he was deprived of a protected interest.

In the prison context, these protected interests typically "pertain[] to liberty," not property.  *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1075 (S.D. Cal. 2007).  And protected liberty interests may arise under either the federal Due Process Clause or state law.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  The federal Due Process Clause is implicated when a prisoner faces a change in conditions so severe as to affect the sentence imposed in an unexpected manner.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *e.g.*, *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer from prison to mental hospital triggers the Due Process Clause); *Washington v. Harper*, 494 U.S. 210, 221 (1990) ("unwanted administration of antipsychotic drugs" implicates the Due Process Clause).  Less severe changes in confinement can also trigger due process protections, so long as the prisoner faces an "atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Brown*, 751 F.3d at 987 (describing factors that bear on whether a prisoner faces an atypical and significant hardship).

McKinney has not identified a protected liberty interest under either the U.S. Constitution or state law.  The fact that he was housed in the SHU, without more, is not enough.  See *Davies v. Dep't of Pub. Safety*, No. CV 23-00382 JMS-WRP, 2023 WL 7385608, at *4 (D. Haw. Nov. 8, 2023).  Even assuming McKinney could identify a protected liberty interest that he was deprived of, he fails to allege a lack of sufficient process.  When a prisoner faces disciplinary charges that could lead to a deprivation of liberty interests, the prisoner is entitled to certain procedural protections, including (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) assistance where the charges are complex or the inmate is illiterate.  *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).  McKinney does not allege that he was denied any of these protections.  All claims related to McKinney's disciplinary proceedings are therefore DISMISSED with leave to amend.

11

**F.    Fourteenth Amendment – Equal Protection**

Finally, McKinney suggest that Defendants violated his equal protection rights.  Dkt. 9.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  "The Equal Protection Clause requires the State to treat all similarly situated people equally."  *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotation marks and citation omitted).

In general, "[t]o state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Id.* (quotation marks and citation omitted).  It is well settled that "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Here, McKinney has not plausibly alleged that he was treated differently than other similarly situated individuals based on his race.  Although McKinney alleges that Defendants' "discrimination toward [him] is being used to keep [him] ineligible for parole," such threadbare and conclusory allegations do not suffice to support an inference of purposeful discrimination.  *Vidmar v. Honolulu Police*

12

*Dep't*, No. CV 16-00076 JMS-KSC, 2016 WL 4523586, at *8 (D. Haw. Aug. 29, 2016).  Any equal protection claim is therefore DISMISSED with leave to amend.

## IV.  <u>LEAVE TO AMEND</u>

The Complaint, ECF Nos. 1, 9, is DISMISSED with partial leave to amend. McKinney must file any amended pleading on or before **July 29, 2026**.  McKinney may not expand his claims beyond those already alleged herein or add new claims without explaining how any new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

McKinney must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  28 U.S.C. § 1915(g)

If McKinney fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. §1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1) The Court DISMISSES the Complaint, ECF Nos. 1, 9, with partial leave to amend.

(2) McKinney's claims for money damages against Drs. Camara and Burkett in their official capacities are DISMISSED with prejudice.  If McKinney wants to proceed with any of his other claims, he must file an amended pleading that cures the noted deficiencies in those claims on or before **July 29, 2026**.

(3) ALTERNATIVELY, instead of filing an amended pleading, McKinney may inform the Court in writing on or before **July 29, 2026**, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure

14

41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C.

§ 1915(g).

(4) Failure to comply with these deadlines may result in AUTOMATIC

DISMISSAL of this suit without further notice, and McKinney may incur a strike

under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send McKinney a blank prisoner civil rights

complaint form so that he can comply with this order if he wants to pursue any of

his claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii June 29, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**KEITH MCKINNEY VS. DR. GINA CAMARA;** *et al.***; CV 26-00135 LEK-WRP; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND**