IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| KEITH MCKINNEY, #A6034607, <br><br> Plaintiff, <br><br> vs. <br><br> DR. GINA CAMARA; *et al.*, <br><br> Defendants. | CIVIL NO. 26-00135 LEK-WRP <br><br> ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND |

**ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND**

Before the Court is pro se Plaintiff Keith McKinney's First Amended Prisoner Civil Rights Complaint (FAC) filed pursuant to 42 U.S.C. § 1983. Dkt. No. 18.  In the FAC, McKinney alleges that three prison officials violated his rights at Halawa Correctional Facility (HCF).[1]  Specifically, McKinney alleges that he was denied timely psychological care (Count I) and his equal protection rights were violated (Counts I and II).[2]  After conducting the screening required by 28 U.S.C. § 1915A(b), the Court DISMISSES the FAC with leave to amend.

---

[1] McKinney names Drs. Gina Camara, Burkett, and Hayes in their individual capacities. Dkt. No. 18, at pgs. 1–2.

[2] In Count III, McKinney also alleges that Drs. Camara, Burkett, and Hayes violated a "department policy."  Dkt. No. 18, at pg. 7.  Any claims based solely on an alleged violation of a Department of Corrections and Rehabilitation policy is not actionable under 42 U.S.C. § 1983.

If McKinney wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before **August 19, 2026**.  Alternatively, McKinney may inform the Court in writing on or before **August 19, 2026**, that he would like to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).  Failure to comply with the Court's instructions could result in automatic dismissal of this action pursuant to Rule 41(b).

## I.  <u>BACKGROUND</u>

McKinney alleges the following facts in the FAC, which the Court accepts as true for the purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014).

Beginning sometime in 2019, McKinney sought to participate in an unspecified program at HCF.  Dkt. No. 18, at pg. 5.  According to McKinney, he must complete the program to be eligible for parole.  *Id.*  McKinney wrote many letters to "her," but he was not immediately admitted to the program.  *Id.* McKinney alleges that "she" admitted "other inmates" to the program after a single letter.  *Id.*

---

*Char v. Jefferson*, No. CV 23-00474 LEK-KJM, 2023 WL 8601809, at \*8 (D. Haw. Dec. 12, 2023).

2

It appears that McKinney was admitted to the program in March 2022, and he began attending classes in March or April 2023. *Id.* According to McKinney, because he described as "super ugly" a Japanese woman that he had victimized, Drs. Camara and Burkett sought to prevent him from completing the program. *Id.* McKinney suggests that Drs. Camara and Burkett are also Japanese. *Id.* at pg. 2.

At some point, McKinney missed two program classes. *Id.* at pg. 6. When he attempted to rejoin the program, Dr. Hayes asked him to leave. *Id.*; *id.* at pg. 7. Dr. Hayes did this, McKinney says, "to curry favor with her boss [Dr.] Camara." *Id.* at pg. 7. McKinney never received an explanation why he was not allowed to rejoin the program. *Id.* McKinney is black, and he alleges that Drs. Camara and Burkett seem either to kick black inmates out of the program or to force them to quit.[3] *Id.* at pg. 6.

Since May 2025, McKinney has been on a "waitlist" to rejoin the program, while other inmates have been allowed to begin the program with a class as small

---

[3] Based on McKinney's statement in the original Complaint that Drs. Camara, Burkett, and Hayes "had him trying to enter an[d] complete this 18–20 month program," Dkt. No. 1, at pg. 5, the Court previously said that the doctors had "encouraged" him to complete the program, Dkt. No. 16, at pg. 2. McKinney now makes clear that the doctors never "encouraged" him. Dkt. No. 18, at pg. 9. In addition, while the Court previously identified McKinney's apparent equal protection claim in the original Complaint, he would have preferred that the Court specifically state that he is black and that his victim and Drs. Camara and Burkett are Japanese. Dkt. No. 19, at pg. 1. The Court includes that additional information in this Order. To the extent McKinney asks the undersigned "to remove herself from this case" based on the foregoing, *id.*, that request is DENIED.

3

as three.  *Id.* at pg. 5.  McKinney says that the existence of a waitlist is "a lie."  *Id.* at pg. 6.

McKinney commenced this lawsuit after signing the original Complaint on March 13, 2026.  Dkt. No. 1, at pg. 8.  After receiving the filing fee, Dkt. No. 14, the Court dismissed the original Complaint on June 29, 2026.  Dkt. No. 16.

The Court received the FAC on July 8, 2026.  DKt. No. 18.  In the FAC, McKinney alleges that Drs. Camara, Burkett, and Hayes violated his rights by delaying psychological care (Count I) and discriminating against him because he is black (Counts I and II).  *Id.* at pgs. 5–6.  He seeks injunctive relief and two million dollars from each Defendant in "100% pure gold."  *Id.* at pg. 8.

## II.  <u>STATUTORY SCREENING</u>

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v.*

4

*Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.  <u>DISCUSSION</u>

**A.**     **Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws

of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

**B.     Eighth Amendment – Medical Care**

McKinney alleges in Count I that Drs. Camara, Burkett, and Hayes withheld "timely psychological care by delaying treatment."  Dkt. No. 18, at pg. 5.

To establish a claim of inadequate medical care, a convicted prisoner must show both a "serious medical need" and that an official's response to the need was "deliberately indifferent."  *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (per curiam).

A serious medical need is present when, for example, the "'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Id.* at 785 (internal quotation marks and citations omitted).  "Serious medical needs can relate to physical, dental and mental health." *Id.* (internal quotation marks and citations omitted).

Even with a serious medical need, the plaintiff must also allege facts showing deliberate indifference.  "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health."  *Id.* at 786

(internal quotation marks and citations omitted) (alterations in original).  This is a "high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

"An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment."  *Edmo*, 935 F.3d at 786 (citation omitted).  "In other words, [m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Id.* (internal quotation marks and citation omitted) (alteration in original).

At this point, McKinney has not identified a serious medical need.  To the extent McKinney suggests that he required "psychological care," he does not say why this was so.  Nor has he plausibly alleged that any Defendant was deliberately indifferent to such a need.  For example, McKinney does not allege that he ever complained to any Defendant about a medical need, what he said to them, and how they responded.  Nor is it clear how each Defendant allegedly delayed McKinney's initial participation in the program.  While McKinney alleges that he wrote "her" many letters, and "she" did not admit him to the program, McKinney does not say to whom he is referring.  In addition, it is unclear how the program mentioned in the FAC relates to McKinney's "psychological care," if it does at all.  McKinney's Eighth Amendment claim based on the medical care he received at HCF is therefore DISMISSED with leave to amend.

## C.     Fourteenth Amendment – Equal Protection

McKinney alleges in Counts I and II that Drs. Camara and Burkett violated his equal protection rights by discriminating against him on account of his race. Dkt. No. 18, at pgs. 5–6.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotation marks and citation omitted).

In general, "[t]o state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Id.* (quotation marks and citation omitted). It is well settled that "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

At this point, McKinney has not plausibly alleged that he was treated differently than other similarly situated individuals based on his race. Although McKinney alleges that Drs. Camara and Burkett "only seem[] to kick black inmates out [of the program] or force them to quit," Dkt. No. 18, at pg. 6, such

8

threadbare and conclusory allegations do not suffice to support an inference of purposeful discrimination. *Vidmar v. Honolulu Police Dep't*, No. CV 16-00076 JMS-KSC, 2016 WL 4523586, at *8 (D. Haw. Aug. 29, 2016).  Indeed, McKinney also alleges that Dr. Hayes "kicked [him] out of the program for missing two classes."  Dkt. No. 18, at pg. 7.  McKinney's equal protection claims are therefore DISMISSED with leave to amend.

## D.    First Amendment – Retaliation

McKinney suggests that he has been retaliated against by being forced to eat last and only being allowed to shave once a week.  Dkt. No. 18, at pg. 8.

"[A] prisoner can make a viable claim of First Amendment retaliation by alleging five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quotation marks and citation omitted).

Regarding the second element, "a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct."  *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quotation marks and citation omitted)); *see also Stephen v. Williams*, Case No. 15-cv-03107-

LB, 2016 WL 1569990, at *2 (N.D. Cal. Apr. 19, 2016) ("The omission of any facts plausibly suggesting causation is particularly problematic because that causal connection — that the adverse action has been taken as payback for constitutionally-protected activity — is the very essence of a retaliation claim.").

At this point, it is unclear what adverse action, if any, Drs. Camara, Burkett, and Hayes took against McKinney because of protected conduct.  Although McKinney suggests that he eats last and can shave only once a week, he does not say what each Defendant has to do with either of these facts.  In addition, McKinney has not plausibly alleged that any Defendant took an adverse action against him because of his protected conduct.  Finally, McKinney does not allege that the exercise of his First Amendment rights has been chilled, nor does he allege that the doctors' actions did not reasonably advance a legitimate correctional goal.  Any retaliation claims against Drs. Camara, Burkett, and Hayes are therefore DISMISSED with leave to amend.

## IV.  LEAVE TO AMEND

The FAC, Dkt. No. 18, is DISMISSED with leave to amend.  McKinney must file any amended pleading on or before **August 19, 2026**.  McKinney may not expand his claims beyond those already alleged herein or add new claims without explaining how any new claims relate to the claims alleged in the FAC.  Claims that do not properly relate to those in the FAC are subject to dismissal.

10

McKinney must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  **28 U.S.C. § 1915(g)**

If McKinney fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. §1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

11

## VI.  **CONCLUSION**

(1) The Court DISMISSES the FAC, ECF No. 18, with leave to amend.  If McKinney wants to proceed with this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before **August 19, 2026**.

(2) McKinney's "Motion for Judge Leslie E. Kobayashi to Remove Herself From This Case," Dkt. No. 19, and his request for appointed counsel, Dkt. No. 18, at pg. 8, are DENIED.

(3) ALTERNATIVELY, instead of filing an amended pleading, McKinney may inform the Court in writing on or before **August 19, 2026**, that he would like to voluntarily dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

(4) Failure to comply with these deadlines may result in AUTOMATIC DISMISSAL of this suit without further notice, and McKinney may incur a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send McKinney a blank prisoner civil rights complaint form so that he can comply with this order if he wants to pursue any of his claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 20, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**KEITH MCKINNEY VS. DR. GINA CAMARA;** *et al.***; CV 26-00135 LEK-WRP; ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND**